FILED

2008 Oct-20  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. TRANSPORT FREIGHT SYSTEMS, INC., et al., | ] ] ] | |
| Plaintiffs, | ] ] | |
| vs. | ] ] | 7:08-CV-01501-LSC |
| PREFERRED MATERIALS, INC., et al., | ] ] ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.      Introduction.

The Court has for consideration Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404.  (Doc. 5.)  Plaintiffs, U.S. Transport Freight Systems, Inc. ("U.S. Transport") and L.O. Transportation Inc. ("L.O. Transportation"), sued Defendants, Preferred Materials, Inc. ("Preferred Materials") and Kerry Bryce ("Bryce"), for breach of contract, tortious interference with a business relationship, as well as defamation and slander. The issues raised in Defendants' motion have been fully briefed by the parties and are ripe for review.  After full consideration of the argument and

evidence presented, it is the opinion of this Court that Defendants' Motion to Transfer is due to be granted.

II.     Facts.[1]

U.S. Transport and L.O. Transportation are incorporated in the State of Alabama with their principle place of business in Brookwood, Alabama. Preferred Materials is a Louisiana Corporation with its principle place of business in Minden, Louisiana.  Bryce is the President, owner, and agent of Preferred Materials and a Louisiana resident.

According to their complaint, Plaintiffs entered into a contract with Preferred Materials to supply four freight trucks to load shipments from a third party U.S. Military client of Plaintiffs located in Louisiana and transport them to a facility owned by the Defendants.  These shipments were then to be released to a third party for transport to California.  Plaintiffs claim that Preferred Materials, through Defendant Bryce, contacted the third party U.S. Military client, accusing Plaintiffs of engaging in an illegal transportation operation and stating that Preferred Materials would be better suited

---

[1]The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiffs' Complaint.  (Doc. 1.)

to complete shipment without the involvement of Plaintiffs.  Plaintiffs contend this action resulted in the cancellation of several contracts with the U.S. Military client.

III.    Analysis.

Defendants argue that this Court lacks personal jurisdiction and that this case should be transferred to the United States District Court for the Western District of Louisiana.  Defendants argue that the only connection between this action and this forum is that the Plaintiffs' principle place of business and state of incorporation is Alabama.  Defendants maintain that the alleged contract was signed in Louisiana for work to be performed in Louisiana.  Defendants claim that the substance of Plaintiffs' accusations all relate to actions that occurred in Louisiana, that neither the defendants nor their representatives ever traveled to Alabama in relation to this contract, and that Defendants have no continuous and systematic contacts with Alabama establishing general jurisdiction.

U.S. Transport and L.O. Transportation nonetheless maintain that other factors connect Defendants to Alabama.  Plaintiffs assert that the contract in question was signed in Alabama.  They also maintain that the

parties contracted to subject themselves to the jurisdiction of this Court.

    A.      Contractual Basis for Personal Jurisdiction.

Plaintiffs claim that the Defendants agreed to submit themselves to Alabama courts, pointing to Clause 12 of the contract between the parties. This clause states, "This Agreement shall be governed by and interpreted under the laws of the State of Alabama." (Doc. 8-2, ¶ 12.) However, Defendants insist that Clause 12 is a choice-of-law provision, not a forum selection clause.

The Supreme Court has noted that "the personal jurisdiction requirement is a waivable right" subject to "express or implied consent to the personal jurisdiction of the court." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). While a party may wave its right to personal jurisdiction through a forum selection clause, a choice-of-law provision is not sufficient to effect such a waiver. *See id.* at 482 (noting that a choice-of-law provision "standing alone is insufficient to confer jurisdiction"); *Vista Land & Equip., L.L.C. v. Computer Programs & Sys.*, 953 So. 2d 1170, 1177-78 (Ala. 2006). The Eleventh Circuit, in examining forum selection clauses, divided them into the two classes: permissive and mandatory. *See Ocwen*

*Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008).  A mandatory forum selection clause "dictates an exclusive forum for litigation under the contract."  *Id.* (internal citations omitted). In examining this distinction, other circuits have held that a choice-of-law provision does not constitute a mandatory forum selection clause.  *See King v. PA Consulting Group, Inc.*, 78 Fed. Appx. 645, 647 (10th Cir. 2003) ("To be sure, the parties agreed to submit to jurisdiction in New Jersey and to resolve their disputes by reference to New Jersey law. But a mandatory designation of venue is not effected by either of these stipulations. It confuses substance with procedure to conflate choice-of-law provisions with forum-selection clauses.");  *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 191 (4th Cir. 1998) ("The Agreement's choice of law provision did specify that Pennsylvania law would apply to certain arbitration matters, but it in no way designated any one court as the exclusive forum in which a party could confirm an arbitration decision.") This distinction between a choice-of-law provision and forum selection clause is obvious, as conflating the two contractual tools limits the freedom of parties to negotiate the minutia of potential litigation.

Clause 12 of the contract at bar is a choice-of-law provision and does not mandate the forum for litigation.   The clause plainly states, "This Agreement shall be governed by and interpreted under the laws of the State of Alabama." (Doc. 8-2, ¶ 12.)  It makes no reference to what court will be applying that law.  In fact, the contracts in the two cases that Plaintiffs cite to support giving the choice-of-law provision a forum selection effect both give the county and state in which adjudication is to occur.  *See Professional Ins. Corp. v. Sutherland*, 700 So. 2d 347, 349 (Ala. 1997); *Ex parte Northern Capital Resource Corp.*, 751 So. 2d 12, 13 (Ala. 1999).

Given that mandating adjudication in Alabama would determine the Defendants' constitutional right to an appropriate forum, it would stretch the bounds of due process, and indeed the rules of contract interpretation, to construe Clause 12 as a forum selection clause.  But while the choice-of-law  provision standing alone is insufficient to confer personal jurisdiction upon this Court, it is a factor to be considered when applying the minimal contacts and purposeful availment test for personal jurisdiction.

B.    Two Step Personal Jurisdiction Test.

Since the parties did not select a forum in the contract, this Court must look to the facts to determine if personal jurisdiction comports with Alabama's Long-Arm Statute and the Due Process Clause.  It is a question of law whether a federal court has personal jurisdiction over a defendant. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). To establish a prima facie case of personal jurisdiction over a non-resident, a plaintiff must present "enough evidence to withstand a motion for a directed verdict." *Id.*  To the extent they are uncontroverted by the defendants' evidence, the Court must accept the allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Id.*

The Court's determination of whether it has personal jurisdiction over a non-resident defendant turns on a two-prong test. *See, e.g., Madara v. Hall*, 916 F.2d 1510, 1515-16 (11th Cir. 1990).  Only if both prongs are satisfied will the Court assert jurisdiction. *Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. 2005) (citing *Madara*, 916 F.2d at 514). "The first prong of that analysis requires examination of whether a basis of jurisdiction is provided under the forum state's long arm statute." *Id.*  "If

that prong is met, the second prong requires consideration of whether there are sufficient minimum contacts to satisfy due process concerns." *Id.*

Alabama's Long-Arm Statute permits the exercise of jurisdiction over non-residents to the "fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000). Because the due process guarantees of the Alabama Constitution are coextensive with that of the Constitution of the United States, this Court turns to the question whether the requirements for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment have been satisfied. *See Ex parte Georgia Farm Bureau Mut. Auto. Ins. Co.*, 889 So. 2d 545, 550 (Ala. 2004).

"Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Consolidated Development*, 216 F.3d at 1291; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The sufficiency of the defendant's contacts with the forum state depends on the quantity and

quality of those contacts, as well as the type of personal jurisdiction being asserted: specific or general. *Id.* "Initially, it is the plaintiff's burden to establish such minimum contacts, however, once established, the burden then shifts to [the] defendant to demonstrate that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice." *Peacock v. Merrill*, 2005 WL 2233466 at *2 (S.D. Ala. 2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Ruiz de Molina*, 207 F.3d at 1358).

       1.   Minimum Contacts.

The nature and quality of the required minimum contacts "vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consolidated Dev. Corp.*, 216 F.3d at 1291.

       a.   General Jurisdiction.

For a court to exercise general personal jurisdiction, so that a non-resident can be required to defend, within the forum, a cause of action unrelated to his contacts with the forum, there must be a showing that the non-resident had "continuous and systematic general business contacts" with the forum state. *Consolidated Development*, 216 F.3d at 1291;

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).  Defendant argues that they have no "substantial or continuous" contact with the State of Alabama which would provide the Court with the basis for asserting general jurisdiction over them.  (Doc. 4, ¶ 11.)  Plaintiff does not contest this assertion.  The Court agrees with the Defendants that it cannot assert general personal jurisdiction over them; therefore, the inquiry must turn to whether the Court may assert specific jurisdiction in this case.

    b.  Specific Jurisdiction.

  A court's exercise of specific jurisdiction arises out of a non-resident defendant's activities in the forum state that are related to the cause of action alleged in the complaint.  *See Consolidated Development*, 216 F.3d at 1291 (citations omitted).  Such "minimum contacts" are sufficient only where it is shown the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Id*. (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  The "minimum contacts" requirement is grounded in fairness and assures "that 'the defendant's conduct and connection with the

forum State [is] such that he should reasonably anticipate being haled into court there.'" *Id.*; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Furthermore, the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). While the Court has held that no bright line rules or tests exist for personal jurisdiction, a single contact can be enough, though that contact must create a substantial connection with the forum state. *Id.* at 475 n.18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction.") But it is the quality and not the quantity of the contacts that matter, and a single contract with an out-of-state party, if supported by nothing else, will not automatically support jurisdiction. *Id.* at 478.

In *Hiller Invs. v. Insultech Group, Inc.*, 957 So. 2d 1111 (Ala. 2006), the Alabama Supreme Court addressed the issue of personal jurisdiction over an out-of-state company, performing work exclusively outside of Alabama, that never entered the state for the purposes of business or negotiation. The

Court in *Hiller* found that personal jurisdiction was appropriate because the defendant, Insultech, purposefully availed itself of the Alabama forum. *Id.* at 1119.  In doing so, the Court distinguished *Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals*, 622 So. 2d 910 (Ala. 1993), a case also involving an out-of-state defendant performing out-of-state work with no contacts other than "a series of telephone calls . . . and the sending of checks to Steel Processors in Alabama." *Id.* at 914.  While the Court sought to examine the nature and quality of the contacts in each case, the primary distinction lies in the fact that in *Hiller*, the defendant reached into Alabama and "initiated the contacts with the forum state on which Hiller's cause of action is based." *Hiller*, 957 So. 2d at 1118.  In *Steel Processors*, on the other hand, the Court found "no evidence that Sue's Pump initiated contact with Steel Processors." *Steel Processors*, 622 So. 2d at 914. Because of this distinction, the Court found that *Hiller* was more in line with the facts in *Ex parte Phase III Constr., Inc.*, 723 So. 2d 1263, 1267 (Ala. 1998) ("[A] defendant's one-time solicitation of business in the forum state is sufficient grounds for the exercise of personal jurisdiction over the defendant.")

The facts of the present case are more similar to *Steel Processors* than *Hiller* or *Phase III*. Plaintiffs U.S. Transport and L.O. Transportation contacted Preferred Materials about shipping material entirely within the state of Louisiana. (Doc. 1, ¶ 5-6, Doc. 9-2.) Despite contentions by both parties that the contract in question was signed within their home states, it appears that the contract was signed by Plaintiffs in Alabama, faxed to Louisiana, and then signed in that state by the Defendants. (Doc. 10, ¶ 1; Doc. 9-2.) This contract, and the telephone negotiations relating to it, appear to be the only connection between Alabama and the Defendants. The choice-of-law provision does select Alabama law as governing this contract, and that aspect of the contract should be considered. But choice-of-law provisions are "not the sole factor," and "it is questionable whether [they are] even a primary factor" in determining whether a party availed itself of the forum. *Vista Land & Equip., L.L.C. v. Computer Programs & Sys.*, 953 So. 2d 1170, 1178 (Ala. 2006) (internal citations omitted). Given the paucity of contacts between the Defendants and this forum, combined with the fact that Defendants did not avail themselves of the forum by

approaching the Alabama Plaintiffs for business, U.S. Transport and L.O. Transportation are not subject to the personal jurisdiction of this Court.

### 2.   Notions of Fair Play and Substantial Justice.

In addition to finding that they do not have sufficient minimum contacts to subject them to the personal jurisdiction of courts sitting in the State of Alabama, the traditional notions of fair play and substantial justice would be offended by forcing Defendants to defend this action in Alabama. The Eleventh Circuit has held that the following factors should be considered when making this determination: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." *McGow v. McCurry*, 412 F.3d 1207, 1216 (11th Cir. 2005) (quoting *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1276 (11th Cir. 2002)).

The burden on the Defendants in this case would be great.  They do not reside in Alabama.  The events at the heart of this litigation occurred in

Louisiana and involved a company and an individual located there.  The contract was to be performed in Louisiana.  The only factor that mitigates in favor of Plaintiffs is that it would be most efficient for them to obtain relief in the State of Alabama, which is the forum most convenient to their location.  Regardless, the forum most interested in obtaining a resolution of this controversy is Louisiana.  The interests of the States involved in this case tips in favor of resolving it in Louisiana rather than Alabama.

IV.    Conclusion.

For the reasons stated above, the Court declines to exercise personal jurisdiction over Defendants in this case, and Plaintiffs' claim is due to be transferred pursuant to 28 U.S.C. § 1404 to the United States District Court for the Western District of Louisiana.

Done this 20th day of October 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671